McIlvanie, J.
It may be conceded, for the purposes of this case, that the legislature has power to confer upon State courts jurisdiction to render a personal judgment against a non-resident defendant who has been served with notice of the suit by publication only, and to subject, by levy and sale under execution, the general property of such judgment debtor, situate in this State, to the satisfaction of such judgment. But after that, the question remains, whether such jurisdiction has been conferred in an action “ for the sale of real property under a mortgage,” when the sole ground for publication of notice is, that the defendant is a non-resident of the State.”
In the action of Stanberry v. Purviance (mentioned in the petition,) the service by publication was authorized under section 70 of the code, upon the showing made in the affidavit, solely upon the ground that the suit was brought “ for the sale of real property under a mortgage, and that the defendant was a non-resident of the State.” By such service *149 tbe court acquired jurisdiction over the mortgaged premises, and over the person of the defendant, for the purpose of the action as described in the affidavit, in so far as that purpose is one of those named in this section. But the only purpose of the action described in the affidavit for publication and authorized by this section was “ for the sale of real property under a mortgage,” a proceeding strictly in rem. The jurisdiction, therefore, conferred by this section over the person of a non-resident defendant in such an action, is limited to matters pertaining to the sale of the mortgaged premises ; and the court, having disposed of the mortgaged property and its proceeds, has no further jurisdiction over the person of the defendant.
Nor can authority to render a personal judgment in such a case, upon constructive service only, be found in the act of May 19, 1864, (S. & S. 575,) which provides as follows: “ That in all actions for the foreclosure of mortgages given to secure the payment of money, or in which a specfiic lein for money claimed'to be due, is sought to be enforced, the plaintiff may also ask in his petition a judgment for the money claimed to be due ; and such proceedings shall be had, and judgment rendered thereon, as in other civil actions for the recovery of money only.”
The plaintiff in that action framed his petition under this statute, and prayed for a personal judgment, and also the sale of the mortgaged premises. It does not necessarily follow, however, that the plaintiff is entitled to a personal judgment in all actions for the foreclosure of mortgages, simply because he is authorized by the terms of this statute to ask for such judgment. But, on the other hand, it does follow that, if the plaintiff seeks such judgment under favor of this statute, then “such proceedings shall be had” as in civil actions for the recovery of money only. This provision of the statute is applicable whenever a money judgment is sought, and is a limitation upon the authority to render personal judgments in actions for the foreclosure of mortgages, which would otherwise be inferred from the general terms of the statute. The phrase “ such proceedings shall be had,” embraces the orginal *150 process, and all other means employed for the purpose of obtaining jurisdiction over the person of the defendant.
Now, in civil actions for the recovery of money only, jurisdiction over the person of the defendant can only be acquired as follows: 1st. By service of a summons, or by an acknowledgment on the back of the summons, or the voluntary appearance of the defendant. (S. & C. 962, 3, section 61 et seq). 2d. By publication of notice in the following cases, 1, “in actions brought against anon-resident defendant, or a foreign corporation having in this State property or debts owing them, sought to be taken by any of the provisional remedies, or to be appropriated in any way,” and 2d, “in actions where the defendant, being a resident of the State, has departed therefrom or from the county of his residence with intent to delay or defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent.” (S. & C. 964, clauses 3 and 5 of sec. 70.)
In the case of Stanberry v. Purviance, no summons was served, nor was there an acknowledgment on the back of the summons, nor a voluntary appearance of the defendant, nor was there a publication of notice upon a showing that the case was one of those mentioned in the 3d and 5th clauses of section 70. Hence, “such proceedings were not had” as are required in civil actions for the recovery of money only. The personal judgment rendered therein is therefore void for want of jurisdiction of the person of the defendant. And the levy of the execution issued thereon is wholly invalid as against the lien of the plaintiffs.
Do the facts stated in the petition entitle the plaintiffs to the relief sought ?
The remedy which an injunction affords them is complete, and no other process or proceeding is adequate to the preservation of their rights, or their just compensation for injuries, if the sale under the execution is permitted. They cannot appear in the case of Stanberry v. Purviance and ask the court to recall the execution,. for the reason that they are not parties therein; and, for the same reason, they cannot, *151 upon the return of the execution, ask the court to control the proceeds of the sale for their benefit: Nor can they, by proceedings in error, stay the execution or reverse the judgment upon which it was issued. They cannot recover the possession of the property attached from the sheriff — the possession is rightfully in him, nor can they maintain trespass against him, for the reason that the execution, being regular on its face, is his justification. If the property be sold under the execution and delivered to purchasers, an order of sale under their attachment will be fruitless ; an action against the purchaser, if insolvent, will afford no redress, and if solvent, will impose burdens and expenses upon them for which no compensation can be made.
In short, there is no other adequate remedy, and therefore the case is a proper one for an injunction.
Decree for plaintiffs.
Scott, C. J., and Welch, White and Day, JJ., concurred.